# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

SHINSTAR LLC,

       Plaintiff,

v.

THE PARTNERSHIPS and
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A",

       Defendants.

Case No. 25-cv-13141

**Judge Robert W. Gettleman**

**Magistrate Judge Maria Valdez**

## PLAINTIFF'S MEMORANDUM IN RESPONSE TO MINUTE ORDER [12]

Pursuant to the Court's Minute Order [12], Plaintiff ShinStar LLC ("Plaintiff") submits this memorandum establishing that joinder of defendants is proper. Discretionary joinder of the defendants identified on Schedule A [2] ("Defendants") is proper, and Plaintiff respectfully requests the Court permit Plaintiff to proceed with the case.

## ARGUMENT

**A.    Joinder Under Fed. R. Civ. P. 20 is Proper**

Joinder under Rule 20 is a procedural "device centrally concerned with the economies of aggregating small claims" meant to "enable economies in litigation." *Elmore v. Henderson*, 227 F.3d 1009, 1012 (7th Cir. 2000). It has no effect on substantive rights, *McGilvray v. Powell 700 N.*, 186 F.2d 909, 911 (7th Cir. 1951), and must be "construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1; *see also United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966) ("Under the Rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly

encouraged."). Rule 20 provides that "Defendants ... may be joined in one action as defendants if: (A) any right to relief is asserted against them ... with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2).

Courts have applied this "same transaction or occurrence" requirement using a case-by-case approach based on a flexible standard. This promotes judicial economy by permitting all reasonably related claims for relief by or against different parties to be tried in a single proceeding under the provisions of Rule 20. *Mosley v. Gen. Motors Corp.,* 497 F.2d 1330, 1333 (8th Cir. 1974) ("Accordingly, all 'logically related' events entitling a person to institute a legal action against another generally are regarded as comprising a transaction or occurrence."). "The purpose behind the [logical relationship test] is judicial economy; to avoid a multiplicity of actions by resolving in a single lawsuit all disputes that ensue from a common factual background." *In re Price*, 42 F.3d 1068, 1073 (7th Cir. 1994). "But '[a]bsolute identity of all events is unnecessary' for joinder." *Courthouse News Serv. v. Schaefer*, 2 F.4th 318, 325 (4th Cir. 2021).

Rule 20 also does not define "occurrence" and courts have not considered the meaning of "occurrence" apart from the meaning of "transaction." *Bose Corp. v. P'ships, et al.*, 334 F.R.D. 511, 516 (N.D. Ill. 2020). However, "canons of construction ordinarily suggest that terms connected by a disjunctive . . . be given separate meanings," and the dictionary definitions suggest that "occurrence" is much broader than "transaction." *Id*. An "occurrence" is defined as something that simply happens or appears, and is not necessarily the product of joint or coordinated action. *Id*. Without an objective basis to define occurrence or series of occurrences, "the proper analysis is an investigation of the fairest and most efficient way for a plaintiff to seek relief for the harm they have alleged." *Id.* at 513; *see also* Order at 6-7, *Milwaukee Electric Tool Corporation*

2

*v. The Individuals, et al.*, No. 24-cv-12487 (N.D. Ill. May 28, 2025), No. 156 (Kocoras, J.) (unpublished).

Joinder of Defendants is proper because Rule 20's inclusion of "occurrence" allows Plaintiff to join defendants who participate in reasonably related unlawful occurrences in a single case. *Bose Corp.*, 334 F.R.D. at 517; *see also* Order at 2, *Your True Nature, Inc. v. The Individuals, et al.*, No. 24-cv-11162 (N.D. Ill. July 10, 2025), No. 173 (Bucklo, J.) (unpublished). The well-pleaded allegations in Plaintiff's Complaint establish a *prima facie* case that Defendants are working in a similar manner and during the same time period to sell unauthorized products, as part of the same "occurrence" or "series of ... occurrences" of mass harm, *i.e.*, the swarm of all Defendants attacking Plaintiff's federally registered trademarks and copyrighted works at once. *Id.* at 516; *cf. Patrick Collins, Inc. v. John Does 1-21*, 282 F.R.D. 161, 166 (E.D. Mich.) (citing *United States v. Mississippi*, 380 U.S. 128, 142, 85 S.Ct. 808, 13 L.Ed.2d 717 (1965)).

"Defendants' activities, occurring at the same time and in the same retail space and manner as one another, blend together to create a single negative impression on consumers such that they constitute the same occurrence or series of occurrences." [1], ¶ 3. "This common, surreptitious conduct is the 'defining aspect of the harm' alleged by [Plaintiff] and creates a logical relationship among the parties and claims in the case." *Neman Bros. & Assocs., Inc. v. P'ships, et al.*, 2024 U.S. Dist. LEXIS 223383, at *10-11 (N.D. Ill. Dec. 10, 2024) (Tharp, J.); *see also* Order at 2, *Zou v. The Entities, et al.*, No. 23-cv-16600 (N.D. Ill. Mar. 8, 2024), No. 60 (Kendall, J.) (unpublished) ("Taking [Plaintiff's] allegations as true, there is a clear logical relationship between Defendants' actions, as each Defendant copied [Plaintiff's] work, manufactured counterfeit versions, and set up online stores to sell the counterfeits under a cloak of anonymity.").

**B.      Joinder Is Necessary to Allow Brand Owners to Combat Unique Problem of Online Counterfeiting**

Joinder is within the Court's discretion, and Plaintiff respectfully requests the Court use its discretion to afford brand owners like Plaintiff, with legitimate and valuable intellectual property, a reasonable opportunity to combat online counterfeiters and make their infringement unprofitable. It is necessary to join Defendants at this stage to combat the unique problem of offshore Internet-based counterfeiters who exploit the anonymity and mass reach afforded by the Internet, as well as the cover afforded by international borders. Plaintiff must enforce its rights, since "[trademark] law imposes on trademark owners the duty to be pro-active and to police the relevant market for infringers." 1 McCarthy on Trademarks and Unfair Competition § 11:91 (5th ed.). The Seventh Circuit has also long recognized that "the sale of counterfeit merchandise has become endemic—perhaps pandemic" and that even when brand owners finally manage to stop one seller, that a new seller will "spring up, and would continue infringing until enjoined." *Louis Vuitton S.A. v. Lee*, 875 F.2d 584, 588 (7th Cir. 1989). Above all, "[t]he trial court's primary function is to make violations of the Lanham Act unprofitable to the infringing party." *Otis Clapp & Son, Inc. v. Filmore Vitamin Co.*, 754 F.2d 738, 744 (7th Cir. 1985).

Permitting joinder "provides [Plaintiff] with a meaningful chance at relief while minimizing the burden on the Court's docket." *Merch Traffic, LLC v. The Partnerships, et al.*, No. 25-cv-01180 (N.D. Ill. Apr. 17, 2025). No. 36 (Kendall, J.) (unpublished); *see also* Kari Kammel and Jessica Boeve, *Beyond the Brick-and-Mortar Paradigm: The Legal and Procedural Foundations of Schedule A Litigation in Combating Online Counterfeiting as Distinct from Traditional Trademark Enforcement*, at 16 (September 19, 2025). Accepted for publication in Fordham Intellectual Property, Media & Entertainment Law Journal, Volume XXXVI, Available at SSRN: https://ssrn.com/abstract=5508098. "[J]oinder of Defendants promotes judicial

4

economy while protecting the interests of the parties for a just, speedy, and inexpensive outcome." Order at 3, *Zou*, No. 23-cv-16600, No. 60; *see also Bose Corp.*, 334 F.R.D. at 517. Moreover, "[t]he purpose of the joinder doctrine is to conserve judicial resources, reduce redundancy, and to save costs." Order at 7, *Milwaukee Electric Tool*, No. 24-cv-12487, No. 156.

Brand owners are forced to seek *ex parte* TROs because they are one of the few effective mechanisms for effectively combatting offshore Internet counterfeiters, and the only feasible way to enjoin numerous infringers at once. Defendants are collectively causing harm to Plaintiff's goodwill and reputation because the effect of their unlawful actions taken together amplifies each harm and creates a single negative consumer impression. Defendants' systemic counterfeit activities, occurring at the same time and in the same retail space and manner as one another, blend together to create a single negative impression on consumers such that they constitute the same occurrence or series of occurrences. The combination of all Defendants engaging in the same illegal activity in the same time span causes a collective harm to Plaintiff in a way that individual actions, occurring alone, would not.

Rule 20 permits courts to join multiple different "logically related" defendants in a single lawsuit without any additional narrowing limitations. "Without an objective basis to identify 'transactions or occurrences,' the proper analysis [under Rule 20] is an investigation of the fairest and most efficient way for a plaintiff to seek relief for the harm they have alleged." *Bose Corp.*, 334 F.R.D. at 513. Rule 20 does not require that Defendants be "acting in concert" or part of a conspiracy. *See Patrick Collins*, 282 F.R.D. at 166. Even if it did, Defendants' operations depend on high-level market and supply chain coordination and cooperation. Order at 2, *Neman Brothers & Associates, Inc. v. The P'ships, et al.*, No. 24-cv-05666 (N.D. Ill. Jan. 23, 2024), No. 112 (Tharp, J.) (unpublished).

When Congress has limited joinder of defendants under Rule 20, it has expressly enacted requirements for where those limitations apply. For example, in 2012, the Leahy-Smith America Invents Act,[1] among other things, limited joinder of defendants in patent infringement cases to those "offering for sale, or selling . . . the same accused product or process." *See* 35 U.S.C. § 299(a)(1). If Congress had intended to prohibit brand owners from bringing trademark infringement actions against logically related groups of defendants, it would have done so. *See Romag Fasteners, Inc. v. Fossil Grp., Inc.*, 140 S. Ct. 1492, 1495 (2020) ("Nor does this Court usually read into statutes words that aren't there.").

C.     **Not Permitting Joinder in "Schedule A" Cases Has Only Increased Filings**

The fact that brand owners regularly seek and obtain *ex parte* TROs in this District reflects only the enormous problem of online counterfeiting. Plaintiff is aware that there are concerns about the volume of "Schedule A" cases filed in this District.[2] Courts in this District have reacted to these concerns by imposing limitations on Rule 20. Specifically, Courts have required plaintiffs to establish that multiple e-commerce store seller aliases are operated by the **same** individual or entity, *i.e.*, a single defendant operating multiple e-commerce stores. Practically, this usually means that only a single e-commerce store seller alias is allowed in a single action.[3] Putting these types of limitations on or barring brand owners' ability to seek relief will not stop online counterfeiting or "'Schedule A' infringement cases, [which] are federal civil lawsuits and are as important as any other case." *Bigfoot 4x4, Inc. v. The Individuals, et al.*, No. 24-cv-02499 (N.D.

---

[1] The Leahy-Smith America Invents Act also adds limitations on venue for bringing a patent infringement action.

[2] Plaintiff's counsel is filing similar cases for brand owners in other Districts.

[3] Defendants operate anonymously through e-commerce seller aliases and take steps to conceal their identities. It is impossible for Plaintiff to conduct a meaningful inquiry into the relationships between Defendants and show the linkage that courts typically require. Even when it is shown, many courts write it off as copying or coincidental, and not evidence of common ownership. *See e.g., Estée Lauder Cosmetics Ltd. v. P'ships & Unincorporated Ass'ns Identified on Schedule A*, 334 F.R.D. 182, 188 (N.D. Ill. 2020).

Ill. Dec. 17, 2024) (ECF No. 109) (unpublished) (Fuentes, J.). Instead, it will only encourage infringement because Defendants will rely on having an easy escape hatch to avoid liability.

Importantly, these judicially imposed limitations also *exponentially* increase the number of "Schedule A" cases in this District due to repeat filings for the same groups of defendants. For example, in 2023, Plaintiff's counsel filed 373 cases in this District against a total number of 40,174 e-commerce stores. Declaration of Justin R. Gaudio at ¶ 2. The average number of defendants per lawsuit was 107. *Id*. Based on the current filing pace, Plaintiff's counsel will file 1,060 cases in 2025 against a total number of 37,855 defendants. *Id*. The estimated average number of defendants per lawsuit is 36. *Id*. There are about the same total number of defendants in 2023 and 2025 (extrapolated), but a 284% increase in the number of cases. The increase in the number of cases has also resulted in thousands of additional hearings.

Finally, Defendants do not face any prejudice or delay from being joined at this stage. Order at 2, *Zou*, No. 23-cv-16600, No. 60 ("In addition to the two requirements of Rule 20(a)(2), the Court also considers whether joinder would prejudice any party or result in needless delay."); *Neman Bros. & Assocs.* 2024 U.S. Dist. LEXIS 223383, at *11 ("[defendant] also does not point to any prejudice or expense it will incur if joinder is permitted, nor does the Court see any."); Order at 2, *Neman Bros. & Assocs.*, No. 24-cv-05666, No. 112 ("The Court also cannot see any prejudice or expense the defendants will incur if joinder is permitted, particularly in the nascent stages of this action."). Accordingly, "[d]iscretionary joinder [is] the best path forward." *Merch Traffic, LLC*, No. 25-cv-01180 (ECF No. 36).

## **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests the Court exercise its discretion and permit joinder of Defendants.

Dated this 7th day of November 2025.  Respectfully submitted,

/s/ Justin R. Gaudio
Amy C. Ziegler
Justin R. Gaudio
Trevor C. Talhami
Madeline B. Halgren
Greer, Burns & Crain, Ltd.
200 W. Madison Street, Suite 2100
Chicago, Illinois 60606
312.360.0080
312.360.9315 (facsimile)
aziegler@gbc.law
jgaudio@gbc.law
ttalhami@gbc.law
mhalgren@gbc.law

*Counsel for Plaintiff ShinStar LLC*